[641 NYS2d 38]

In the Matter of ALFRED W. DiGRAZIA (Admitted as ALFRED WAYNE DiGRAZIA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 1, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* and *Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with one allegation of professional misconduct. The Special Referee

sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has proffered an affirmation submitting that the Court should confirm the report of the Special Referee and impose such discipline as it deems appropriate.

The petition alleges that the respondent has been guilty of failing to cooperate with a legitimate investigation of the Grievance Committee into his professional misconduct. On or about September 1, 1994, the complaint of Herminio Gaetan, Jr. was sent to the respondent by the Grievance Committee with a request for a written answer within 10 days of his receipt. The respondent was advised that "an unexcused failure to reply constitutes 'professional misconduct' independent of the merits of the complaint." The respondent failed to submit an answer.

A second request for a written answer was sent to the respondent on or about September 28, 1994, via regular and certified mail. The respondent was therein directed to submit his answer within 10 days and was advised that his failure to answer could result in a motion for his suspension from practice pursuant to 22 NYCRR 691.4 (l). The respondent again failed to submit an answer.

Grievance counsel telephoned the respondent on or about October 17, 1994, and left a message for him to call the Grievance Committee. In response to the respondent's claim that he had not received the previous letters, arrangements were made for him to pick up copies of those letters from the Grievance Committee's office on or about October 18, 1994. The respondent was again asked to submit an answer to the Gaetan complaint, as well as an explanation for his failure to respond to the Grievance Committee's earlier requests, within 10 days. The respondent persisted in failing to submit an answer.

A further request was sent to the respondent via regular and certified mail, on or about November 21, 1994. The Grievance Committee requested the respondent's answer within 10 days and again advised him that a motion seeking his suspension might be required if his failure to cooperate continued. The respondent again failed to answer.

On or about December 7, 1994, Grievance counsel telephoned the respondent and left a message with the respondent's answering service. On December 16, 1994, the respondent advised Grievance counsel that the requested answer would be forthcoming by December 19, 1994. Again, the respondent failed to submit an answer.

On January 23 and January 30, 1995, Grievance counsel left messages with the respondent's telephone answering service. The respondent did not return those calls.

On February 2 and February 3, 1995, the Chairman of the Grievance Committee, Barry Kamins, telephoned the respondent in an effort to elicit the respondent's answer. Despite assuring Mr. Kamins that he would file an answer, the respondent failed to do so.

On February 22, 1995, the respondent was personally served with an order to show cause seeking his suspension from practice. The respondent did not file his answer to the Gaetan complaint until approximately March 15, 1995.

By reason of the foregoing, the respondent is charged with violating Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's previously unblemished record, the respondent's assertion that the underlying matter was caused by external factors which are being addressed and which did not adversely affect the client, and the absence of venal intent. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BALLETTA, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alfred W. DiGrazia, is hereby censured.